# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

WILLIAM JOHN WILLS, III,    )
    )
        Plaintiff,    )
    )
    v.    )        No. 4:11CV1152 FRB
    )
CHRISTINA DODSON, et al.,    )
    )
        Defendants.    )

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of plaintiff (registration no. 1119081), an inmate at Eastern Reception, Diagnostic and Correctional Center, for leave to commence this action without payment of the required filing fee (Docket No. 2). For the reasons stated below, the Court finds that plaintiff does not have sufficient funds to pay the entire filing fee and will assess an initial partial filing fee of $1.70. See 28 U.S.C. § 1915(b)(1). Furthermore, after reviewing the complaint, the Court will order the Clerk to issue process or cause process to be issued on the complaint.

## 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the

greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. Id.

Plaintiff has submitted an affidavit and a certified copy of his prison account statement for the six-month period immediately preceding the submission of his complaint. A review of plaintiff's account indicates an average monthly deposit of $8.50, and an average monthly balance of $0. Plaintiff has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $1.70, which is 20 percent of plaintiff's average monthly deposit.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis in either law or in fact." Neitzke v. Williams, 490 U.S. 319, 328 (1989). An action fails to

state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 504 U.S. 25, 32-33 (1992); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

## The Complaint

Plaintiff brings this action pursuant to 42 U.S.C. § 1983 alleging violations of his civil rights. Named as defendants are: Christina Dodson (correctional officer); Unknown Storz (correctional officer); Carl Brawley (correctional officer); Jessie Maxie (correctional officer); Cindy Griffith (Asst. Warden); Andrea Lindquest (nurse, Correctional Medical Services); and John Doe (investigator).

In a suit against defendants in their individual and official capacities, plaintiff alleges that in February of this year, while incarcerated at Eastern Reception, Diagnostic and Reception Center, he was subjected to excessive force by defendant Dodson when she sprayed him with pepper spray without provocation, while he was handcuffed and in his cell. Plaintiff asserts that neither defendant Brawley nor

defendant Maxie would remove him from the pepper spray infested cell after the incident, despite injuries to his face and ear from the pepper spray. Plaintiff claims that defendant Lindquest refused to treat his injuries and acted with deliberate indifference to his medical needs, merely telling him to wash his eyes out in his sink in his cell. Plaintiff alleges that he was not allowed out of his pepper spray infested cell until almost fifteen hours later, at which time he was allowed to take a shower.

Plaintiff claims that defendant Griffith, among others, is partially responsible for his injuries due to her failure to investigate prior similar incidents involving defendant Dodson. Plaintiff also claims that he was treated without due process with regards to the conduct violation he was given with respect to this incident, after defendant Dodson and some of the other correctional officers allegedly provided false testimony.

Plaintiff also asserts that defendant Dodson violated his First Amendment rights to have religious material when she threw away a copy of his Quran.

The allegations contained in plaintiff's complaint survive initial review under 28 U.S.C. § 1915, and the Clerk will be ordered to issue process on the named defendants in this action. As plaintiff has not identified John Doe by name, the Court cannot effectuate services on process on him at this time. Plaintiff will be given sixty (60) days from the date of this Order to provide the Court with defendant John Doe's

name and address. Plaintiff's failure to do so in a timely manner will result in a dismissal of John Doe from this action, without prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis (Docket No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial filing fee of $1.70 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that if plaintiff fails to pay the initial partial filing fee within thirty (30) days of the date of this Order, then this case will be dismissed without prejudice.

**IT IS FURTHER ORDERED** that the Clerk shall issue process or cause process to issue upon the complaint as to defendants. As identified in the complaint, defendant Lindquest is employed by Correctional Medical Services and defendants Dodson, Storz, Brawley, Maxie and Griffith are employed by the Missouri Department of Corrections.

**IT IS FURTHER ORDERED** that, pursuant to 42 U.S.C. § 1997e(g)(2), defendants shall reply to plaintiff's claims within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that plaintiff shall provide the Court with defendant John Doe's proper name and address within sixty (60) days of the date of this Order. Plaintiff's failure to do so in a timely manner will result in a dismissal of defendant John Doe from this action, without prejudice.

**IT IS FURTHER ORDERED** that this case is assigned to Track 5B: Prisoner Standard.

Dated this 1st day of August, 2011.

_Frederick R. Buckles_

_____
FREDERICK R. BUCKLES
UNITED STATES MAGISTRATE JUDGE