# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| WILLIAM JOHN WILLS, III, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:11CV1152 FRB |
| | ) | |
| CHRISTINA DODSON, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## **MEMORANDUM AND ORDER**

Presently pending before the Court are plaintiff's motions for extension of time to pay the filing fee and for appointment of counsel.

Plaintiff, an inmate at Eastern Reception, Diagnostic and Correctional Center filed the instant action pursuant to 42 U.S.C. § 1983 alleging violations of his civil rights. Specifically, plaintiff alleges that he was subjected to excessive force by defendant Dodson, that defendants Maxie, Lindquest and Brawley were deliberately indifferent to his serious medical needs, that defendant Griffith failed to properly supervise defendant Dodson, and that his First Amendment right to access to religious material was violated.

At the outset of this action, plaintiff sought appointment of counsel, stating that the allegations involved in this action were such as to require counsel for assistance in engaging in investigation and discovery, retaining expert witnesses and undertaking

depositions of the parties. Defendants object to appointment of counsel, asserting, rightfully, that there is no constitutional right to appointment of counsel in civil matters. See, e.g., Nelson v. Redfield Lithograph Printing, 728 F.2d 1003, 1004 (8th Cir. 1984). Nonetheless, the Court has discretion to appoint counsel should the need arise.

In determining whether to appoint counsel, the Court considers several factors, including (1) whether the plaintiff has presented non-frivolous allegations supporting his or her prayer for relief; (2) whether the plaintiff will substantially benefit from the appointment of counsel; (3) whether there is a need to further investigate and present the facts related to the plaintiff's allegations; and (4) whether the factual and legal issues presented by the action are complex. See Johnson v. Williams, 788 F.2d 1319, 1322-23 (8th Cir. 1986); Nelson, 728 F.2d at 1005.

After reviewing the complaint and accompanying filings, the Court believes that appointment of counsel is not warranted at this time. In essence, plaintiff's arguments for counsel are that he has no legal training and is not knowledgeable in the law. Nonetheless, plaintiff's filings are relatively straightforward and make it clear that he understands the current legal issues involved. If plaintiff is entitled to discovery on the matters relating to his complaint the Court believes, based on plaintiff's previous

filings, that he will be able to pursue discovery without the assistance of counsel. As such, the Court will deny plaintiff's motion for counsel, without prejudice.

As for plaintiff's motion for extension of time to pay the initial partial filing fee, this motion will be denied as moot. Plaintiff has paid $1.53 toward the $1.70 initial partial filing fee, and the Court has initiated, through the Department of Corrections, direct withdrawals for the rest of the filing fee from his prisoner account. Therefore, there is no need to provide plaintiff with an extension of time to pay.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for appointment of counsel (Docket No. 4) is **DENIED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that plaintiff's motion for extension of time to pay the filing fee (Docket No. 9) is **DENIED AS MOOT**.

Dated this 20th day of September, 2011.

*/s/ Frederick R. Buckles*
FREDERICK R. BUCKLES
UNITED STATES MAGISTRATE JUDGE